IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTOPHER HUGHES,

               Plaintiff,

v.                                     CIVIL ACTION NO.  2:09-cv-00907

BERT WOLFE, INC., et al.,

               Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court are the defendants' Motion to Dismiss [Docket 5] and the plaintiff's Motion to Remand [Docket 8].  The plaintiff filed this case in West Virginia state court in July 2009. On August 6, 2009, the defendant removed pursuant to 28 U.S.C. § 1441(a), alleging that this court possessed original federal question jurisdiction.  The defendants filed the pending Motion to Dismiss on August 11, 2009, arguing that the plaintiff failed to state a claim as to the first four causes of action in his complaint.  The plaintiff subsequently filed the pending Motion to Remand on August 24, 2009, arguing that this court lacks subject matter jurisdiction.  Briefing is complete, and both motions are ripe for review.  For reasons discussed herein, the plaintiff's Motion to Remand is **GRANTED**, and the defendants' Motion to Dismiss is **DENIED** as moot.  The plaintiff's request for attorney's fees and costs is also **DENIED**.

An action may be removed to federal court if it is one over which the district court would have original jurisdiction.  28 U.S.C. § 1441(b).  In most cases where federal question jurisdiction

exists, federal law creates the plaintiff's cause of action. *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *see also* 28 U.S.C. § 1331 (an action raises a federal question where is "aris[es] under the Constitution, laws, or treaties of the United States"). Federal question jurisdiction is not limited, however, to cases where federal law creates the cause of action. A defendant seeking to remove a case in which the plaintiff's cause of action is grounded in state law must establish two things: "(1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial. If either of these two elements is lacking, removal is improper and the case should be remanded to state court." *Dixon v. Coburg Dairy*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc). After *Dixon*, the Supreme Court directed that a court ask whether "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products v. Darue Eng'g*, 545 U.S. 308, 314 (2005); *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006) (stating that *Grable* exemplified a "special and small category" of cases).

The burden of establishing federal jurisdiction is placed on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994). If federal jurisdiction is doubtful, remand is necessary. *Bazilla v. Belva Coal Co.*, 939 F. Supp. 476, 477 (S.D. W. Va. 1996). In this case, the plaintiff has asserted claims for violation of the West Virginia Human Rights Act, the West Virginia Wage Payment and Collection Act, and state minimum wage/maximum hours laws. In its prayer for relief, the plaintiff asks for, inter alia, "[d]amages . . ., including lost wages and benefits, back pay, [and] front pay . . . ." (Compl. at p. 7.) The defendants assert that  the plaintiff's sixth cause of action — for violation of West Virginia

-2-

minimum wage/maximum hours laws — "necessarily implicates the commissions Plaintiff received as a used car salesman," and "the West Virginia statute is silent as to the treatment of overtime compensation in relation to an employee who works on a commission basis." (Defs.' Mem. Opp'n Pl.'s Mot. Remand 2-3.) Thus, the "resolution of Plaintiff's overtime claim necessarily depends on construction and application of the [Fair Labor Standards Act] and its regulations" and "the Court will have to look to the federal [FLSA] and the underlying regulations in order to resolve the claim" (*Id.* at 1, 3.) This, the defendants claim, "raises a substantial question of federal law" such that we have original jurisdiction under 28 U.S.C. § 1331. (*Id.* at 2.)

The instant complaint seeks recovery only upon a showing that defendant's conduct was wrong under state law. At no point does the plaintiff reference the FLSA in the complaint. The defendants surmise that the court "will have to look to the [FLSA]" in order to resolve the claim. (*Id.* at 1.) But they fall short of supporting their contention that the plaintiff's relief "necessarily depends" on the FLSA, or that if it does, the question of federal law involved is "substantial." *Cf. Local 429 Monroe Firefighters Ass'n v. Monroe,* 2008 U.S. Dist. LEXIS 57984, *4 (W.D. La. July 30, 2008) (granting motion to remand and in light of defendant's argument that provisions of a challenged collective bargaining agreement "require application and interpretation" of the FLSA); *Corre v. Steltenkamp*, 2006 U.S. Dist. LEXIS 66868, *13-14 (E.D. Ky. Aug. 16, 2006) (granting motion to remand where plaintiff's state law breach of contract claim for minimum wage and overtime pursuant to an employment contract did not implicate a significant federal issue via the FLSA). Indeed, whether the plaintiff is entitled to relief depends on the court's interpretation of West Virginia law. It is settled law in this court that "[f]ederal question jurisdiction cannot exist when the basic issues require interpretations of state statutory . . . provisions." *Anziulewicz v.*

-3-

*Bluefield Cmty. Hosp., Inc.*, 531 F. Supp. 49, 53 (S.D. W. Va. 1981); s*ee also Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 807 (4th Cir. 1996) (observing that the mere presence of a federal issue in a state cause of action does not automatically confer jurisdiction). This court does not, therefore, possess jurisdiction under 28 U.S.C. § 1331. Accordingly, this action cannot be removed.

The court **GRANTS** the plaintiff's Motion to Remand and **REMANDS** this action to the Circuit Court of Kanawha County, West Virginia. As a result, the defendants' Motion to Dismiss is **DENIED** as moot. The court also **DENIES** the plaintiff's request for attorney's fees and costs.

The court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and any unrepresented party, and a certified copy to the Clerk of the Circuit Court of Kanawha County, West Virginia.

ENTER:        October 13, 2009

Joseph R. Goodwin, Chief Judge

-4-